# EXHIBIT "A"

ELECTRONICALLY FILED
8/7/2022 6:19 PM
02-CV-2022-901371.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02<br><br>Date of Filing:    Judge Code:<br>08/07/2022 |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**LANE JACKSON v. WAL-MART, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED          T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
VAR019          8/7/2022 6:19:56 PM          /s/ ROGER VARNER JR.
Date          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**     ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**     ☐ YES ☑ NO

ELECTRONICALLY FILED
8/7/2022 6:19 PM
02-CV-2022-901371.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| | § |
| LANE JACKSON, | |
| | § |
| Plaintiff, | |
| | § |
| v. | CIVIL ACTION NO.: CV-2022-_____ |
| | § **JURY TRIAL DEMANDED** |
| WAL-MART, INC.; and, A, B, C, | |
| and D, whether singular or plural, being those | § |
| persons, firms, and/or entities whose conduct | |
| was unlawful and are responsible to Plaintiffs | § |
| whose names are unknown at this time but | |
| will be added by amendment when ascertained | § |
| | |
| Defendants. | § |

## COMPLAINT

COMES NOW, Plaintiff Lane Jackson, (hereinafter referred to as "Plaintiff"), and hereby brings the following Complaint against Defendant Wal-Mart, Inc., and Fictitious Parties A, B, C, and D (hereinafter, collectively referred to as "Defendants"), and in support thereof aver as follows:

### PARTIES, JURISDICTION, VENUE

1.      Plaintiff, Lane Jackson, is an adult resident of Mobile County, Alabama.

2.      Defendant, Wal-Mart, Inc., is a corporation conducting business in Mobile County, Alabama.

3.      Fictitious party defendants A, B, C, and D, as identified and described by their respective roles and/or functions in the caption of this Complaint (and incorporated herein as if set out in full) negligently, wantonly, recklessly, wrongfully, or otherwise acted contrary to the provisions of law as described herein so as to cause or contribute to cause the Plaintiff's injuries and damages set forth herein. Plaintiff avers that the identities of the fictitious defendants herein are otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff, their

identities as proper party defendants are not known to Plaintiff at this time, and their true names and/or identities will be substituted by amendment when ascertained.

4.     The amount in controversy is within the jurisdictional limits of this Honorable Court.

## CAUSES OF ACTION

### Count I. Negligence

5.     The Plaintiff adopts and realleges all prior paragraphs in this Complaint as is fully set out herein.

6.     On or about the April 27, 2022, Plaintiff, Lane Jackson, while an invitee, was upon the premises, either owned or under the control of the Defendants, located at 5245 Rangeline Service Rd S, Mobile, AL 36619. While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff tripped on a damaged transition strip in front of customer service, which caused her to fall and sustain injuries to her person.

7.     Plaintiff's fall was the proximate result of the Defendants' negligence in that the Defendants knew or should have known of the defective condition of the transition strip and failed to either remedy the defect or warn the Plaintiff of the defect.

8.     The defect of the transition strip was not an open an obvious hazard.

9.     As a proximate result of the Defendants' negligence, Plaintiff suffered the following injuries and damages: Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff was permanently injured; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in a sum within the jurisdictional limits of this Court, plus interest and cost.

### Count II. Wantonness

10.     The Plaintiff adopts and realleges all prior paragraphs in this Complaint as is fully set out herein.

11.     On or about the April 27, 2022, Plaintiff, Lane Jackson, while an invitee, was upon the premises, either owned or under the control of the Defendants, located at 5245 Rangeline Service Rd S, Mobile, AL 36619. While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff tripped on a damaged transition strip in front of customer service, which caused her to fall and sustain injuries to her person.

12.     Plaintiff's fall was the proximate result of the Defendants' wantonness in that the Defendants knew or should have known of the defective condition of the transition strip and failed to either remedy the defect or warn the Plaintiff of the defect.

13.     The defect of the transition strip was not an open an obvious hazard.

14.     As a proximate result of the Defendants' wantonness, Plaintiff suffered the following injuries and damages: Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff suffered permanent injuries; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

WHEREFORE, Plaintiff demands judgment against the Defendants for punitive damages in a sum within the jurisdictional limits of this Court, plus interest and cost.

### PRAYER FOR RELIEF

15.      FOR THE ABOVE CAUSES OF ACTION, PLAINTIFF NOW PRAYS FOR THE FOLLOWING RELIEF (IN ADDITION TO THE RELIEF SET OUT ABOVE HEREIN):

a.       That process and due form of law issue, citing the Defendants to appear and answer all the matters of aforesaid;

b.       That Plaintiff have and recover judgment against Defendants, jointly and severally, plus interest, costs, attorney's fees;

c.       That Plaintiff have and recover punitive damages against Defendants in an amount to be determined by the trier of fact;

d.       All other damages suffered by Plaintiff that were directly and proximately caused by the conduct of Defendants;

e.       Reasonable litigation expenses and reasonable attorney's fees; and,

f.       For such other and further relief as the Court deems proper.


Respectfully submitted,

**ROGER VARNER INJURY LAW**
Attorney for Plaintiff


By: */s/ Roger W. Varner, Jr.*
ROGER W. VARNER, JR. (VAR019)
2601 Dauphin St.
Mobile, Alabama 36606
Main: (833) 482-7637
Direct: (251) 384-3030
Fax: (251) 202-5106
Email: roger@rogervarnerlaw.com

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY**

**Defendant to be served via Certified Mail at the following address:**

Wal-Mart Claim Services, Inc.
c/o CT Corporation System
2 N Jackson St., Suite 605

4

Montgomery, AL 36104

**Courtesy Copy (via Email) to:**

Pemble DeLashmet
Chad Marchand
462 Dauphin Street
Mobile, AL 36602

*/s/ Roger W. Varner, Jr.*
Of Counsel

ELECTRONICALLY FILED
8/7/2022 6:19 PM
02-CV-2022-901371.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LANE JACKSON,       §

         Plaintiff,       §

         §

v.         **CIVIL ACTION NO.: CV-2022-_____**

      §     **TO BE SERVED WITH COMPLAINT**

WAL-MART, INC.; and, A, B, C,       §
and D, whether singular or plural, being those
persons, firms, and/or entities whose conduct
was unlawful and are responsible to Plaintiffs       §
whose names are unknown at this time but
will be added by amendment when ascertained    §

         Defendants.       §

## PLAINTIFF LANE JACKSON'S FIRST SET OF INTERROGATORIES TO DEFENDANT WAL-MART, INC.

Comes now the Plaintiff, Lane Jackson, and in accordance with Alabama Rules of Civil

Procedure 33, propounds the following interrogatories to the Defendant, Wal-Mart, Inc.:

1. Is/Are your name(s) correctly stated in the complaint filed in this action? If not, state the correct name by which you may sue or be sued in a court of law.

RESPONSE:


2. Please state the name, address (business and residential), occupation and job title of the person(s) answering and/or assisting in answering these interrogatories.

RESPONSE:


3. Please state the name, address and telephone number of each individual: a) who witnessed the incident made the basis of this suit or the events occurring immediately before or after the incident made the basis of this suit; b)      who heard any statements made about the incident made the basis of this suit of any individual at the scene; and c)    who you or anyone acting on your behalf claim to have knowledge of the incident made the basis of this lawsuit. Please describe in detail the nature of their knowledge. Please state whether any statement, memo, notes, audio recording, or other information/documentation reflecting each witness' knowledge or account exists.

RESPONSE:

4.      Please state the name, address (business and residential), telephone number, position, and job title of all employees, personnel, agents of the Defendants and/or third-party contractors who were on the premises and/or on duty during the time and place of the events made the basis of this lawsuit. Please specify the areas in which said employees, personnel, agents and/or third-party contractors were working, as well as the exact job duties for each such person.

RESPONSE:


5.      Please state whether each person listed in response to Interrogatory No. 4 is a current employee of the Defendants, and/or if any such person was acting on behalf of any third party. Please state with specificity the name, address, phone number of said third party as well as its purpose and duties on the premises and/or on duty at the time and place of the incident made the basis of this lawsuit.

RESPONSE:


6.      State the names and addresses of each and every person that you or anyone acting on your behalf has talked to regarding or relating to the incident made the basis of this lawsuit, the nature of said discussions and further state when and where such discussions took place.
RESPONSE:


7.      State the name and address of each and every person and/or entity from whom you or any of your agents, servants, employees, insurance adjusters and/or attorneys, have obtained a statement, whether written or oral, taped or videotaped, or otherwise. Please provide the date and time said statement was taken, and the name of the individual(s) who took each statement.

RESPONSE:


8.      Was any investigation (including any scene inspection) relating to the incident made the basis of this lawsuit conducted by any of your agents, servants, employees, insurance adjusters, attorneys or any other person to your knowledge? If so: a) state the name(s), address(es), and job titles and/or duties of any and all individuals who participated in the investigation/inspection; b) state the date or dates on which the investigation/inspection was conducted; c) state whether any report or other documentation, specifically including photograph audio, and/or video documentation, was created as a result of the investigation/inspection and state the name(s), address(es) and job titles of the individual(s) who prepared the report or other documentation.

RESPONSE:

9.    Please state whether you or any of your agents, servants, employees, insurance adjusters or attorneys took any photographs, films or videotapes of the accident scene, either at the time of the subject accident or at any time prior to or following the accident. Please state whether any cameras recorded the subject area and/or incident and/or premises, the injuries and the location for the 24 hours prior to the subject incident, the subject incident, and the 24 hours after the subject incident. If so, please state the full name and complete address of the photographer or videographer, and the full name and complete address of the custodian of any such photographs, films or videotapes.

RESPONSE:


10.    Do you contend that the act or acts of any other party, individual or entity in any way caused and/or contributed to the accident which is made the basis of this lawsuit? If so, please state the full name and address of such other party, describe in detail the act or acts of such party which you contend caused and/or contributed to the subject accident and state each and every fact upon which you base this contention.

RESPONSE:


11.    State in detail how the accident made the basis of this suit occurred.

RESPONSE:

12.    For each of your employees, agents or representatives physically present at the time and place of the incident made the basis of this suit, including but not limited to the individual(s) who were to maintain the subject premises, please state: a)    his or her name, address and telephone number; b)    job title of said individuals as of the date of the incident made the basis of this suit; c) whether he or she was on duty at the time of the incident made the basis of this suit; and d)    the job or function he or she was performing at the time of the incident made the basis of this suit.

RESPONSE:


13.    Please list all applicable insurance policies which would provide coverage for the loss made the basis of the Complaint, including but not limited to primary and/or excess and/or umbrella. Include the name of the company who issued the policy, the policy number, and the limits of insurance. Attach a copy of the policy to your response to these interrogatories.

RESPONSE:

14.     Produce for inspection and copying any and all pictures, video tapes, slides or negatives depicting any place, object, or individual pertaining to or relating to the incident made the basis of this lawsuit.

RESPONSE:

15.     For the ten (10) years prior to the date of the subject incident through the present were there any other incidents including the Plaintiff's injury and at the same Wal-Mart where a person(s) tripped, fell, slipped and/or sustained personal injury at the subject property? If so, state the names and addresses of each and every individual involved in each incident, a detailed description of how the incident happened, the current or last known address and telephone number of each said individual in the incident and whether or not any claims resulted from the incident. Produce all accident reports, injury reports, photographs, videos, reports, witness statements, claims, lawsuits and/or other actions and all other documents and records relating to each such accident. Produce any and all documents reflecting how each incident was handled. Please describe any and all such incidents taking place upon the subject property in which an invitee suffered physical injury within the past ten (10) years.

RESPONSE:


16.     Within the past five (5) years, has the Defendant(s) been involved in any other personal injury claims which either settled short of the filing of a lawsuit or any lawsuits arising from slip and fall or trip and fall incidents suffered, or alleged to be suffered, at the premises where the Plaintiff fell or any other premises under the custody or control of this Defendant(s)? RESPONSE:

17.     For each claim or lawsuit  mentioned  in your  answer to Interrogatory No. 10, state:a) the date(s) the litigation was filed; b) the court(s) in which it was filed; c)the case name(s); d)the case number(s); e)the lawyer(s) who represented the plaintiffs; and f) the date of the alleged injury.

RESPONSE:


18.     Please describe your interest in the property made the basis of this litigation, both now and through the present, and at the time of Plaintiff's incident, and set forth when that interest was obtained and/or transferred.

RESPONSE:

19.     State the name, address and telephone number of all persons, firms, corporations or other entities who owned the premises made the subject of this lawsuit and/or operated on the premises made the subject of this lawsuit.

RESPONE:

20.     Please describe what training procedures, if any, are followed in the course of training Defendant's employees regarding overall safety of the premises, persons on the subject premises getting hurt/injured, and including how to prevent such incidents. This includes any and all written material, policies, manuals, procedures, slides, photographs, films, videotapes, instructions, posters, and all material which Defendants had in effect for the training of its employees on safety of the store premises, injuries on the premises and the prevention and handling of such incidents.

RESPONE:


21.     Please describe in detail the business relationship between this Defendant and any other person and/or entity which may be responsible for Plaintiff's injuries. Please detail the relationship both at the time of Plaintiff's injuries as well as currently. Please produce all contracts, agreements and/or other documents reflecting the same.

RESPONSE:

22.     With respect to all witnesses whom you will or may call as experts to give opinion testimony at the trial of this cause, state the following: a)   name and address of the expert; b) the field in which he/she is offered as an expert; c) the substance of the facts in which he/she is expected to testify; and d) the substance of the opinions to which he/she is expected to testify in the summary for the grounds of each such opinion.

RESPONSE:


23.     Please state the names, addresses, phone numbers, position held and duties for any and all persons or entities who were responsible for ensuring that areas are safe for customers and/or business invitees? Produce any and all documents reflecting these duties, inspections, manuals, photographs, supervision of these areas, logs, reports and other material with regard to these areas in general and more specifically, for the 24-hour period before, during and the 24-hour period after the Plaintiff's injury.

RESPONSE:


24.     On the date of the alleged incident, how frequently was the area where the incident occurred inspected, cleaned and/or maintained? Please produce for inspection and copying any and all documents, (including time logs, cleaning logs, maintenance records, etc.) regarding this answer.

RESPONSE:

25.     Please state all policies and procedures, and the name and position of each person you had in place for the store at the time of Plaintiff's injuries to ensure safety for the customers and business invitees on the premises. Please produce all policies, procedures, manuals,

videotapes, visual aids, instructions, guides, and all other materials regarding safety for customers.

RESPONSE:

26.     Have Defendants had in their possession at any time a videotape or any other media that depicts the events leading up to and culminating Plaintiff's injury made the basis of this lawsuit? This includes but is not limited to any videotape or other media of any part of the premises (such as the parking lot). If so, please explain in detail the location and custodian of any and all videotape or media that depicts the events leading up to and culminating in the injury made the basis of this lawsuit. Please produce all such videotapes and other media.

RESPONSE:


Respectfully submitted,

**ROGER VARNER INJURY LAW**
Attorney for Plaintiff


By: */s/ Roger W. Varner, Jr.*
ROGER W. VARNER, JR. (VAR019)
2601 Dauphin St.
Mobile, Alabama 36606
Main: (833) 482-7637
Direct: (251) 384-3030
Fax: (251) 202-5106
Email: roger@rogervarnerlaw.com


**DEFENDANT TO BE SERVED VIA CERIFITED U.S. MAIL AT THE FOLLOWING ADDRESS:**

Walmart Claims Services, Inc.
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
8/7/2022 6:19 PM
02-CV-2022-901371.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

|  |  |
|---|---|
| LANE JACKSON, | § |
| Plaintiff, | § |
|  | § |
| v. | § CIVIL ACTION NO.: CV-2022-_____ |
|  | § **TO BE SERVED WITH COMPLAINT** |
| WAL-MART, INC.; and, A, B, C, | |
| and D, whether singular or plural, being those | § |
| persons, firms, and/or entities whose conduct | |
| was unlawful and are responsible to Plaintiffs | § |
| whose names are unknown at this time but | |
| will be added by amendment when ascertained | § |
|  | |
| Defendants. | § |

## PLAINTIFF LANE JACKSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART, INC.

Comes now the Plaintiff, Lane Jackson, and in accordance with Alabama Rules of Civil Procedure 34, propounds the following requests for production to Defendant, Wal-Mart, Inc.:

1.     Please produce all documents and records that reflect or relate to the incident referred to in the complaint and Defendants' handling of the incident.

RESPONSE:


2.     All employee manuals, policies, procedures, guidelines, posters, emails, training/supervision media, memoranda, correspondence, or other documentation pertaining to safety rules and/or regulations to be followed by Defendants' employees to ensure safety on Defendants' premises, including any training films, videotapes, audio recordings, photographs, instruction manuals, and all other safety and training materials in effect at the time of the subject incident.

RESPONSE:


3.     All documents, photographs, video, and other materials upon which you will or may rely in the trial of this case including all surveillance movies or photographs which have been recorded of the plaintiff.

RESPONSE:

4.     Any and all photographs, audio recordings, video footage and other evidence in your possession or in the possession of any of your agents, servants, employees, insurance

adjusters or attorneys, taken before or after the subject incident which depict the scene of the incident made the basis of this lawsuit or which relate in any other manner to said incident. Any and all documents, photos, warning signs, and other materials and information relating to any work, process, changes, clean-up, and other things done to the area where Plaintiff was injured.

RESPONSE:


5.      Produce all photographs and videos which reflect, refer and/or relate to the area of the premises where Plaintiff was injured beginning twenty-four hours prior to, during and 24 hours after Plaintiff's incident and injury made the basis of this lawsuit. This includes but is not limited to any portion of the premises.

RESPONSE:


6.      All written reports or other correspondence, notes, memos, e-mails or other documents in your possession or in the possession of any of your agents, servants, employees, insurance adjusters or attorneys which relate in any manner to the questions and your response to question number six (6) of the Plaintiff's First Set of Interrogatories to Defendants.

RESPONSE:


7.      All statements taken from the Plaintiff or any witness, employee, agent or supervisor of Defendant, or any third person, regarding the subject incident in this lawsuit.

RESPONSE:


8.      All documents, materials or information received in response to any non-party subpoena issued by you in this case.

RESPONSE:

9.      All insurance policies, primary and excess, under which any insurance carrier may be liable to satisfy part or all of any judgment which may be entered against you in this action. Pursuant to Ex parte Badham, 730 So.2d 135, 138 (Ala. 1999), this request specifically seeks copies of the entire policy or policies, including any and all references to policy limits.

RESPONSE:


10.      With regard to each person whom you expect to call as an expert witness at the trial of this cause, please produce: (a)a copy of the expert's current Curriculum Vitae; (b)a complete bibliography of all writings by the expert, or partially by the expert, including for each such writing the title, the name and address of the publisher, the date of publication and, if

published in or as an article, chapter or other part of a magazine, pamphlet, book or other publication, the name of such and the name and address of its publisher; (c)copies of all correspondence, papers, published articles, reports, expert reports, depositions, statements, or other documents or materials which have been prepared or reviewed by the expert and/or which have been provided to the expert in connection with this case and/or which the expert has relied upon in formulating his opinions in this case; (d)copies of all literature, papers, articles, reports, research, or other documents which were written or prepared wholly or partially by the expert which in any way refer or pertain to the subject matter of this case; (e)      copies of any and all reports, letters, notes, memoranda or other writings or recorded conversations, whether by telephone or in person, pertaining in any way to this case which have been furnished by the expert to the Defendants; (f)  a complete list of all matters in which the expert has been consulted by attorneys, whether on behalf of a plaintiff, defendant or an insurance company, including on the list the names of actual or potential plaintiffs and defendants, venue, date of consultation, and the names of all attorneys, whether for Plaintiff or Defendant; (g)      for each case in which the expert has testified, whether by deposition or in court, copies of the expert's testimony; (h)copies of any and all written reports prepared by the expert relating to this case; (i)      copies of all notes, records, or other documents indicating the time the expert has spent working on this case and his charges therefore; (j)      copies of any and all published monographs, treatises, manuals, textbooks or other documents used as a reference by the expert in connection with this case.

RESPONSE:


11.     Complete incident reports concerning each and every occurrence whereby a customer, business invitee, third party and/or employee has claim injury by a slip, trip and/or fall at any and all Wal-Mart's in the State of Alabama within the 3-year period preceding the date of Plaintiff's injury.

RESPONSE:


12.     Originals or true and complete copies of any and all notes, memoranda, correspondence, reports, files, electronic mail messages (e-mail), voice mail messages and other electronic communications which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, back-up tapes, or other storage media, and all other documents or information of any description whatsoever which relate in any manner to the incident made the subject of this lawsuit.

RESPONSE:

13.     Exemplars of all signs, alerts, notices, cones, or any other type hazard indicator that have been posted on the store premises to warn potential customers, employees or other individuals of dangerous or potentially harmful condition(s) on the premises.

RESPONSE:

14.     For each and every occurrence wherein a person has been or claimed injury by slipping, tripping and/or falling in any and all Wal-Mart stores within the State of Alabama, for the 3-year period of time prior to the date of the subject incident, and through the time of trial, please provide in magnetic media form, or true and complete copies of, the following information organized in chronological order by date of loss: a)Claim number; b)Date of Loss; c)Store Number; d)Last Name and First Name of the person involved; e)Description of the Incident a/k/a Claim Description; f)Loss Code; g)Loss Location; h)Company Number; i)State the Style, Case Number, County (if Federal Court the District and Division); j)IDENTIFY all attorneys of record and the party they represent; k)The disposition and final outcome, and/or current status if still pending, of each claim, incident, action and/or legal case.

RESPONSE:


15.     Any and all policies, procedures, guidelines, or other material of any make, kind or description that refer or relate to any actions that should be taken by the Defendants (or their employees, agents, or assigns) when and if an incident such as the one made the basis of this suit occurs on the premises.

RESPONSE:


16.     Any and all inspections, claims, reports, violations, warning, citations, and all other information and documentation of OSHA and every Wal-Mart in the State of Alabama since the year preceding the date of the accident and up through the time of trial.

RESPONSE:


17.     Any and all inspections, reports, citations, recommendations, and other documents from any other state, federal or administrative agency relative to the store premises, condition and safety, risks, dangers, injuries, complaints and potential hazards for any and all Wal-Mart's in the State of Alabama since the year preceding the date of the accident and continuing through the date of trial.

RESPONSE:


18.     Any and all information and documents for Wal-Mart (inclusive of all Wal-Mart stores worldwide) concerning all electronically stored information ("ESI") for safety, cleaning, installation, maintenance, repair, service, and/or inspection, via diaries, logs, records, and/or reports relating to slips, falls, trips, accidents, and/or injuries (whether routine or due to a specific event) from transition strips. This includes any ESI created for Plaintiff's fall and for falls by other persons at Wal-Mart stores.

RESPONSE:


19.     Any and all contracts and/or agreements concerning installation, maintenance, and/or repair of transition strips.

RESPONSE:


20.     All video and audio surveillance at Wal-Mart (from inside and outside Wal-Mart) from the 24 hour period preceding the fall and 24 hour period after the fall.

RESPONSE:


                              Respectfully submitted,

                              **ROGER VARNER INJURY LAW**
                              Attorney for Plaintiff


                              By: */s/ Roger W. Varner, Jr.*
                              ROGER W. VARNER, JR. (VAR019)
                              2601 Dauphin St.
                              Mobile, Alabama 36606
                              Main: (833) 482-7637
                              Direct: (251) 384-3030
                              Fax: (251) 202-5106
                              Email: roger@rogervarnerlaw.com


**DEFENDANT TO BE SERVED VIA CERIFITED U.S. MAIL AT THE FOLLOWING ADDRESS:**

        Walmart Claims Services, Inc.
        2 North Jackson St., Suite 605
        Montgomery, AL 36104



AlaFile E-Notice

02-CV-2022-901371.00

To:  ROGER VARNER JR.
     roger@rogervarnerlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LANE JACKSON V. WAL-MART, INC.
02-CV-2022-901371.00

The following complaint was FILED on 8/7/2022 6:19:59 PM

Notice Date:     8/7/2022 6:19:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

USPS CERTIFIED MAIL

**9214 8901 7301 4102 2200 0913 52**

*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET*
*MOBILE, AL, 36644*

**02-CV-2022-901371.00**

To: WAL-MART, INC.
2 N JACKSON ST
SUITE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**LANE JACKSON V. WAL-MART, INC.**
**02-CV-2022-901371.00**

The following complaint was FILED on 8/7/2022 6:19:59 PM

Notice Date:        8/7/2022 6:19:59 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2022-901371.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**LANE JACKSON V. WAL-MART, INC.**

**NOTICE TO:** WAL-MART, INC., 2 N JACKSON ST SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ROGER VARNER JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 Dauphin Street, MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LANE JACKSON
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 08/07/2022 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ ROGER VARNER JR.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*            *(Name of County)*

Alabama on _____.

*(Date)*

_____      _____      _____

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____      _____

*(Server's Printed Name)*      *(Phone Number of Server)*

DOCUMENT 7

Case 1:22-cv-00351-JB-MU   Document 1-1   Filed 09/08/22   Page 22 of 30

ELECTRONICALLY FILED
8/9/2022 3:31 PM
02-CV-2022-901371.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Revised 1-1-014;  4-1-99;  11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

|                          |   |                              |
|--------------------------|---|------------------------------|
| _____   | * |                              |
| _____   | * |                              |
| Plaintiff(s)             | * |                              |
| Vs.                      | * | CIVIL ACTION NO. _____ |
| _____   | * | DATE COMPLAINT FILED: _____ |
| _____   | * |                              |
| Defendant(s)             |   |                              |

## <u>ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER</u>

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

## <u>OBJECTION TO INCLUSION IN SYSTEM</u>

If a party to this cause believes that the cause is extremely complex or will involve unique problems <u>and</u> will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court, a discovery schedule will be set by the Court after conference with the parties. <u>If a case is so excluded the General Pre-Trial Order will remain in effect unless specifically altered by the Court.</u>

## <u>DISCOVERY</u>

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing Motion to Set and Certificate of Readiness requests additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

## <u>MOTION TO SET AND CERTIFICATE OF READINESS</u>

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which hall be filed not later than 270 days after the filing of the complaint. If such motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed", on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available in the Clerk's Office and will  contain the following information:

(1)     The date the complaint was filed;

(2)     That the issues in this cause have been defined and joined;

(3)     That all discovery has been completed or will be completed 60 days after the filing of the Certificate of Readiness;

(4)     That a jury demand has or has not been demanded;

(5)   The expected length of the trial expressed in hours and/or days;

(6)   A brief description of the plaintiff's claim;

(7)   The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)   That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)   That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)   That the movant certifies that he/she has rad the pre-trial order, and that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reason therefore.  Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where for good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible.  Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority.  Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form)

## NOTIFICATION OF SETTLMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of the status or state of the case (discovery stage, active calendar or trial calendar)

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedures, it is ORDERED, BY THE Court that the following will apply:

1.   EXHIBITS, DOCUMENTS AND PHYSICAL EVIDENCE

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in this case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying.  The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

## 2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent or made available to all parties not less than 21 days prior to trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bill be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bill not timely exhibited to other parties will not be admitted at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

## 3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days prior to trial.  Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not time exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

## 4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial.  The objections shall include the correct name and entity and/or grounds relied on.

## 5.   EXPERTS

a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions.  Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing of such motion.  Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

## 6.   JURY INSTRUCTIONS

a.   If a case is to be tried by a jury, requested written charges shall be submitted to the Court not less than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated.  Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

## 7.   JURY SELECTION

a.   Before the commencement of trial, the parties will furnish or advise the Court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

## 8.   DUTY TO SUPPLEMENT DISCOVERY

a.   All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which

should be done not less than 30 days before trial.

## 9.    MOTIONS GENERALLY

a.    If motion to strike or dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

## 11.    CONFLICTS

a.    In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED, by the Court that the Court will consider any portion of the General Pre-Trial Order upon timely application by any party.


Done this _____ day of _____


_____
Presiding Judge, Michael A. Youngpeter



AlaFile E-Notice

02-CV-2022-901371.00

Judge: JAY A YORK

To:   VARNER ROGER WAYNE JR.
      roger@rogervarnerlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LANE JACKSON V. WAL-MART, INC.
02-CV-2022-901371.00

The following matter was FILED on 8/9/2022 3:31:59 PM

Notice Date:     8/9/2022 3:31:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-901371.00

Judge: JAY A YORK

To:  WAL-MART, INC. (PRO SE)
2 N JACKSON ST
SUITE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LANE JACKSON V. WAL-MART, INC.
02-CV-2022-901371.00

The following matter was FILED on 8/9/2022 3:31:59 PM

Notice Date:     8/9/2022 3:31:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**UNITED STATES POSTAL SERVICE**

August 10, 2022

Dear Circuit Clerk:

| UJS Information |
| --- |

Case Number: 02-CV-2022-901371.00
Document Type: Complaint
Restricted Delivery Requested: No

Intended Recipient:
 WAL-MART, INC.  (D001)
2 N JACKSON ST
SUITE 605
MONTGOMERY, AL 36104

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2200 0913 52**.

## Item Details

| | |
| --- | --- |
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | August 10, 2022, 8:23 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2022-901371.00

Judge: JAY A YORK

To:  VARNER ROGER WAYNE JR.
     roger@rogervarnerlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LANE JACKSON V. WAL-MART, INC.
02-CV-2022-901371.00

The following matter was served on 8/10/2022

**D001 WAL-MART, INC.**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-901371.00

Judge: JAY A YORK

To:  WAL-MART, INC. (PRO SE)
2 N JACKSON ST
SUITE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LANE JACKSON V. WAL-MART, INC.
02-CV-2022-901371.00

The following matter was served on 8/10/2022

**D001 WAL-MART, INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov