

AlaFile E-Notice

02-CV-2022-901371.00

To: CHRISTOPHER J. ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LANE JACKSON V. WAL-MART, INC.
02-CV-2022-901371.00

The following NOTICE OF REMOVAL was FILED on 9/7/2022 4:29:39 PM

Notice Date:     9/7/2022 4:29:39 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
9/7/2022 4:29 PM
02-CV-2022-901371.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| LANE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | 02-CV-2022-901371 |
| WALMART, INC.; and A, B, C, and D, ) | |
| whether singular or plural, being persons, ) | |
| firms, and/or entities whose conduct was ) | |
| unlawful and are responsible to Plaintiff, ) | |
| whose names are unknown at this time, but ) | |
| will be added by amendment when ascertained. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF FILING NOTICE OF REMOVAL**

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P. (incorrectly named in the complaint as Walmart, Inc.)**, and submits this Notice of Filing Notice of Removal. On September 7, 2022, Defendant filed a Notice of Removal in the United States District Court for the Southern District of Alabama. A copy of this Notice of Removal is attached hereto as **Exhibit A**. This matter is now pending in said Court.

Respectfully submitted,

s/ *Chris Zulanas*
Christopher J. Zulanas (ASB-1572-U82C)
Kelsey R. Reckart (ASB-4405-S42Z)
*Counsel for the Defendants*
*Wal-Mart Stores East, L.P.*

OF COUNSEL:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
kreckart@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## **CERTIFICATE OF SERVICE**

I hereby certify I have served a copy of the above and foregoing pleading upon all counsel of record, via the Alabama electronic filing system, on this date: September 7, 2022.

Roger W. Varner, Jr.
Roger Varner Injury Law
2601 Dauphin Street
Mobile, AL 36606
roger@rogervarnerlaw.com

                                             s/ *Chris Zulanas*
                                             OF COUNSEL

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LANE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| WALMART, INC.; and A, B, C, ) | |
| and D, whether singular or plural, ) | |
| being those persons, firms, and/or ) | |
| entities whose conduct was unlawful ) | |
| and are responsible to Plaintiffs ) | |
| whose names are unknown at this ) | |
| time but will be added by amendment ) | |
| when ascertained. ) | |
| ) | |
| Defendants. ) | |

## **NOTICE OF REMOVAL**

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P. (incorrectly named in the Complaint as Walmart, Inc.)**, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. In support of this removal, Defendant states as follows:

### I. **PROCEDURAL BACKGROUND**

1. On August 7, 2022, Lane Jackson ("Plaintiff") filed a Complaint against Defendant in the Circuit Court of Mobile County, Alabama, Civil Action No. 02-CV-2022-901371.

2. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as **Exhibit A**.

  3. Wal-Mart Stores East, L.P. was served with the summons and complaint on August 10, 2022.

  4. Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading, and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order, or other paper.  28 U.S.C. §1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for the removal. *See* 28 U.S.C. §1446(b); *Lowery v. Ala. Power Co.*, 483 F.3d 1184,1212-13 (11th Cir. 2007).

  5. Plaintiff's Complaint asserts she suffered injuries to her person as a result of a trip and fall at Defendant's store. (Ex. A, Compl. ¶ 6). Plaintiff alleges she "was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff was permanently injured; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money." (Ex. A, Compl. ¶ 9). Based upon Plaintiff's claims and the injuries alleged in her Complaint, it is clear alleged damages in this lawsuit equate to over $75,000.00. Consequently, this matter is removable under 28 U.S.C. § 1446(b) within thirty days after the service of the Complaint on Defendant. Although Defendant denies liability for the claims alleged against it by Plaintiff, it is unquestionable that the damages claimed by Plaintiff in this matter exceed the $75,000 amount in controversy for removal under diversity jurisdiction.

  6. This notice is being filed with the United States District Court within thirty (30) days after receipt of the initial pleadings. Therefore, this notice is timely under 28 U.S.C. § 1446(b).

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and the Defendant. Additionally, the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II. DIVERSITY JURISDICTION

8. As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Furthermore, this Notice of Removal has been filed within thirty (30) days of the date when Defendant received service of the Complaint and, therefore, complies with the procedural requirements of 28 U.S.C. § 1441(b).

### A. There Is Complete Diversity of Citizenship Between the Parties

9. This action involves "citizens of different states." 28 U.S.C. § 1332(a)(1).

10. Plaintiff Lane Jackson is an individual domiciled in Mobile County, Alabama. (Ex. A, Compl. ¶ 1).

11. Defendant Wal-Mart Stores East, L.P. is a limited partnership of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Walmart, Inc. Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Thus, Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (holding that for purposes of assessing diversity of citizenship, "a limited partnership is a citizen of each state in which any of its partners,

limited or general, are citizens" and "a limited liability company is a citizen of any state of which a member of the company is a citizen.").

12. Accordingly, the Defendant is not a citizen of Alabama, Plaintiff's place of domicile, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

13. It has long been held that the court's diversity jurisdiction is established at the time the notice of removal is filed. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Further, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(b).

14. Accordingly, there is complete diversity among the Plaintiff and Defendant in this matter.

### B. The Amount-In-Controversy Requirement is Satisfied

15. The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

16. In her complaint, Plaintiff alleges she suffered severe and permanent physical injury, medical expenses, lost wages, loss of earning capacity, pain and suffering, and mental anguish. (Ex. A, Compl. ¶ 9). As a result of this alleged injury, Plaintiff seeks damages for negligence and wantonness in an unspecified amount of compensatory and punitive damages. *Id*. Plaintiff claims her previously incurred medical expenses, as well as future medical expenses and other monetary losses as damages in this case. *Id*.

17. Where there is an unspecified claim for damages, a removing defendant is not required to prove the plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Instead, the defendant faces the lower burden of demonstrating "by a preponderance

of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement. *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389 (citing *Tapscott*, 77 F.3d at 1357). *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389.

18. Moreover, the Eleventh Circuit has stated:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id*. at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See Id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams [v. Best Buy Co., Inc.]*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe v. Michelin Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

19. The preponderance of the evidence establishes that the amount in controversy requirement is met in this action.

20. This Court is allowed to look to judicial experience to reasonably deduce the amount in controversy. In similar cases wherein a plaintiff has successfully asserted claims against a defendant for severe and permanent physical injury arising from a fall on the defendant's premises, jury verdicts have exceeded the jurisdictional requirement. *See Methvin, et al. v. Coca-Cola Bottling Co. Consolidated, et al.*, 19 Ala. Civ. Trial Rptr. 3-24, 2019 WL 1983922 (Cir. Ct. Mobile Cnty. Jan. 16, 2019) (awarding plaintiff Melissa Methvin $1,400,000.00 in damages for injuries sustained when plaintiff slipped and fell on water located on the floor); *Williams v. Wal-*

*Mart Stores East, LP, et al.*, 16 Ala. Civ. Trial Rptr. 8-24, 2016 WL 4537801 (Cir. Ct. Mobile Cnty. May 18, 2016) (awarding plaintiff $175,000 in damages where plaintiff alleged physical injury arising from a slip and fall at the Wal-Mart store); *Guy v. Walmart Stores East*, 2020 WL 5106626 (U.S. Dist. Ct. S.D. Ala. Jan. 14, 2020) (awarding plaintiff $140,000 in damages for physical injury resulting from a slip and fall on water located on the floor of Walmart store); *Letson v. Huntsville Hospital*, 18 Ala. Civ. Trial Rptr. 6-15, 2018 WL 3105528 (Cir. Ct. Madison Cnty. Mar. 12, 2018) (providing a settlement of $145,000 to the plaintiff for sustained knee and back injuries in a trip and fall at her place of employment); *Preston v. Medical Ctr. Hotel, Inc., et al.*, 15 Ala. Civ. Trial Rptr. 11-12, 2015 WL 7729423 (Cir. Ct. Jefferson Cnty. June 15, 2015) (awarding $420,050.00 in damages to plaintiff on her claims of negligence against defendants Medical Center Hotel and Blumberg arising out of her trip and fall over a floor drain on defendants' premises).

21. As such, the amount in controversy requirement of 28 U.S.C § 1332(a) is met as the preponderance of the evidence establishes that Plaintiff seeks over $75,000.00 in compensatory and punitive damages from the Defendants.

    **C.**    **The Other Prerequisites for Removal Have Been Satisfied**

22. In addition to satisfying the requirements for diversity of jurisdiction, Defendant has satisfied all other requirements for removal.

23. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

24. Defendant has not previously removed this action.

25. Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage and no discovery has occurred.

26. Removal to this district and division is proper under 28 U.S.C § 81(a)(1) because this district and division embraces the Circuit Court of Mobile County, Alabama, the forum in which the removed action was pending.

27. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Mobile County, Alabama, where this action was pending.

### III. CONCLUSION

28. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores East, L.P. (incorrectly named as "Walmart, Inc.") respectfully requests this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama.

Respectfully submitted,

s/ *Chris Zulanas*
Christopher J. Zulanas (ASB-1572-U82C)
Kelsey R. Reckart (ASB-4405-S42Z)
*Counsel for the Defendant*
*Wal-Mart Stores East, L.P.*

OF COUNSEL:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
kreckart@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail and/or CM/ECF notification on this date: September 7, 2022.

Roger W. Varner, Jr.
Roger Varner Injury Law
2601 Dauphin Street
Mobile, AL 36606
E: roger@rogervarnerlaw.com

                                      s/ *Chris Zulanas*
                                    OF COUNSEL